Argued October 15; reversed October 23, 1934

# W. T. RAWLEIGH CO. *v.* KRUEGER

(36 P. (2d) 987)

*George G. Van Natta,* of St. Helens, for appellant.
No appearance for respondent.

CAMPBELL, J. On March 24, 1930, plaintiff brought an action against Clint W. Anderson, as principal, and H. K. Rusco and Henry Krueger, as sureties, to recover the sum of $941.75, being a balance due and owing from the principal for goods and wares sold and delivered to him by plaintiff. Defendant Rusco was not served with summons. Before the cause was submitted to the jury, plaintiff moved for and was granted a voluntary non-suit against defendant Henry Krueger.

The cause was then duly submitted to a jury and a verdict returned in favor of plaintiff and against defendant C. W. Anderson in the sum of $470.87, upon which judgment was duly entered in that amount.

On the 30th day of June, 1930, the instant action was instituted against Henry Krueger on the identical facts alleged in the cause above referred to. The complaint herein alleged the facts constituting the suretyship and attached a copy of the instrument and made it part of the complaint.

The contract of suretyship shows a joint and several liability on the part of the sureties.

"We, the undersigned, do hereby jointly and severally enter ourselves as sureties, and unconditionally promise, guarantee and agree to pay said seller (plaintiff herein) for any and all goods, wares and merchandise sold buyer."

The principal, against whom the judgment in the former case was obtained, was the buyer.

Defendant answered denying the material allegations of the complaint and for a further and separate answer alleged the facts of the former cause and that said cause was on the identical contract and facts and cause of action as those in the instant case; that a final judgment had been entered therein, a copy of which judgment is set out in full in said answer.

They further alleged that defendant Henry Krueger, in said case, was the same Henry Krueger as the defendant in the instant case.

There was a second separate answer which is not now material.

Plaintiff filed its reply in which it admitted the facts presented by the copy of the judgment but alleged that in that case, before the matter was submitted to the jury, a voluntary non-suit, on motion of plaintiff, was granted as to defendant Krueger in said cause.

The instant action came on for trial on May 15, 1934. Defendant moved for judgment on the pleadings which was granted and judgment entered in favor of defendant for costs. It appears that plaintiff immediately moved to amend his reply by attaching a copy of the order of judgment of dismissal on defendant's motion for a voluntary non-suit as to defendant Henry Krueger in the former suit. This motion was denied. Plaintiff appeals.

■ The judgment pleaded in defendant's answer shows a judgment against Clint W. Anderson only, in the sum of $470.87. The question presented here is: Are the pleadings in the instant case in such a condition as to justify the court in granting a judgment thereon?

Respondent has filed no brief and has made no argument so we are somewhat at a loss to understand on what theory judgment on the pleadings was asked for.

The plaintiff, in this action, could not recover a greater sum than that established by the judgment against the principal. The surety did not promise to pay costs of collection or the costs incurred in any suit or action to which he was not a party.

■ The obligation being joint and several, the judgment would not operate as a merger of the contract

as against the surety not a party to the action. The doctrine of merger usually applies when the obligation is joint only.

"Under both common law and modern practice it does not apply when the contract is joint and several. On such a contract, nothing short of satisfaction will prevent the obligee from maintaining as many suits as there are obligors." 15 R. C. L. 788.

It will be observed that plaintiff, in its complaint, asks to recover for goods, wares and merchandise sold and delivered and alleges that a certain amount is due and unpaid.

Defendant, in his answer, alleged that plaintiff recovered a judgment on the identical cause of action against the principal for a much smaller sum, but does not allege that the lesser sum has been paid. The answer is a complete defense for all sums over and above the amount of the verdict in the former action. A judgment against one of joint and several obligors does not extinguish the debt against the others.

It would have been better pleading for the plaintiff to have brought his action on the judgment. The pleading of the judgment against the principal by the defendant, and the plaintiff's reply, brought all the facts in connection with the cause of action before the court.

"When a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause." Oregon Code 1930, § 2-1004.

It was error to grant a judgment on the pleadings.

The judgment is reversed and the cause remanded to the court below for such further proceedings as are not inconsistent herewith. It is so ordered.