Argued and submitted June 27, remanded with instructions November 12, 1986,
reconsideration allowed February 11, 1987
See 83 Or App 556 (1987)

# WEYERHAEUSER COMPANY, INC.,
*Appellant,*

*v.*

# UNITED PACIFIC INSURANCE COMPANY,
*Respondent.*

(8406-03442; CA A36037)

728 P2d 543

G. Kenneth Shiroishi, Portland, argued the cause for appellant. With him on the briefs was Dunn, Carney, Allen, Higgins & Tongue, Portland.

John Spencer Stewart, Portland, argued the cause for respondent. With him on the brief were Rodney R. Mills and Meyer, Seifer & Stewart, P.C., Portland.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff, the named beneficiary of a payment and performance bond, brought this action against the surety to recover the loss that it sustained as a result of the bankrupt principal's failure to make all payments required under a timber cutting contract. Defendant admits liability under the bond but contends that its liability is limited to the amount that plaintiff stipulated to on its cross-motion for summary judgment as its maximum claim against the principal's estate in bankruptcy. The trial court granted defendant's motion for summary judgment and entered judgment for plaintiff in that amount, plus 10 percent interest from the date the petition in bankruptcy was filed until paid.

On appeal, plaintiff contends that the trial court erred in denying its claim to post-bankruptcy petition interest payable under the terms of the contract, as modified, on the principal balance owed until the contract terminated by its own terms, and seeks remand to the trial court for a redetermination of its claim. In the alternative, plaintiff requests leave of this court to permit it to file a motion in the trial court for relief from the judgment, pursuant to ORCP 71B(2), in order to amend its complaint to reflect the difference between the appraised value of the timber that was returned to plaintiff on termination of the contract, on which the trial court's judgment is based, and the value at which it ultimately was liquidated.

The relevant facts are undisputed. In October, 1981, plaintiff entered into a contract with D&R Timber, under which D&R was granted the right to cut and remove all standing and down timber on land owned by plaintiff until September 30, 1983. D&R agreed to make a down payment and four installment payments, for a total purchase price of $1,850,000, and to obtain the payment and performance bond involved in this action.[1]

---

[1] The contract of suretyship provides, in relevant part:

"KNOW ALL MEN BY THESE PRESENTS, That we, D & R TIMBER COMPANY (the Principal), and UNITED PACIFIC INSURANCE COMPANY (the Surety), * * * are held and firmly bound unto WEYERHAEUSER COMPANY (Weyerhaeuser) in the sum of [$185,000], for the payment whereof said Principal and Surety bind themselves firmly by these presents.

"WHEREAS, the Principal has, by written Agreement dated October 1, 1980,

The down payment and first two installment payments were made in accordance with the contract terms. Before the first of two $500,000 installment payments became due on October 1, 1981, however, plaintiff granted D&R's request for an extension to January 4, 1982, on condition that D&R pay 14 percent interest on the deferred payment until paid. Subsequently, the due date was extended further to January, 1983. At the same time, the due date of the second $500,000 installment payment was also extended from March, 1982, to March, 1983. In consideration, D&R agreed to pay 15 percent interest on the entire unpaid balance until paid and to begin making quarterly interest payments, of which only one was made, in March, 1982.

D&R filed a petition in bankruptcy in November, 1982. Plaintiff filed a proof of claim in the bankruptcy proceeding for $1,096,781, of which $1,000,000 represented unpaid principal and $96,781 represented interest that had accrued before the bankruptcy petition was filed. The bankruptcy estate could not, as a matter of law, be held liable for "unmatured interest." 11 USC § 502(b)(2).

D&R contested plaintiff's bankruptcy claim and filed a cross-motion for a partial summary judgment after plaintiff had filed a motion for summary judgment on its claim. D&R contended that plaintiff's claim should be offset by the value of the remaining timber. The bankruptcy court granted D&R's motion and in November, 1984, entered a judgment limiting plaintiff's claim to $26,133, which is the difference between plaintiff's claim as alleged and the value of the remaining timber as appraised by plaintiff, and includes pre-petition interest. Plaintiff resold the timber on December 10, 1984, for $830,000, $240,648 less than its appraised value on which the bankruptcy court had based its judgment.

This action was commenced in June, 1984. In January, 1985, plaintiff filed an amended complaint in which it

entered into a LUMP SUM TIMBER CUTTING RIGHT CONTRACT (the Contract) with Weyerhaeuser * * *.

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That if the Principal shall faithfully make all payments required under the Contract, shall faithfully perform all the terms and conditions of the Contract in all respects and shall indemnify and save harmless Weyerhaeuser from all loss, cost or damage which Weyerhaeuser may suffer by reason of the failure so to do, then this obligation shall be void; otherwise to remain in full force and effect."

alleged that D&R's default had caused it to sustain a net loss of $134,684.81. That sum represents plaintiff's loss, as calculated by the bankruptcy court, plus post-petition interest at the contract rate of 15 percent from the date of the petition (November 22, 1982) until September 30, 1983, when D&R's contract terminated. No reference is made in the amended complaint or in plaintiff's memorandum filed in support of its cross-motion for summary judgment, which was filed on March 27, 1985, to the difference between the appraised value of the returned timber and its liquidated value.

On appeal, plaintiff contends that, even though a claim against an estate in bankruptcy may not include "unmatured interest," 11 USC § 502(b)(2), a debtor's bankruptcy does not affect the underlying debt or the obligation owed to the creditor by a third-party guarantor or surety. It argues that the protection afforded a debtor under the bankruptcy laws is for the exclusive benefit of the debtor and does not insulate the debtor's surety from performing in full its obligation. In short, it contends that defendant is liable for post-petition interest, even though D&R is not.

On the other hand, defendant contends that, under both Oregon law and the terms of the surety bond, its obligation is coextensive with and dependent on D&R's obligation to plaintiff. Therefore, it argues, the bankruptcy court's determination of plaintiff's claim against D&R collaterally estops plaintiff from recovering any larger amount from defendant. In the alternative, it contends that the contract was rejected and terminated by operation of law, pursuant to 11 USC § 365, on the date when D&R filed its petition in bankruptcy and that, therefore, interest did not accrue under the terms of the contract after that date.

In support of its first proposition, defendant relies on *Rawleigh v. Krueger*, 148 Or 403, 36 P2d 987 (1934), in which the court held that a creditor may maintain an action against the debtor's surety, even though the creditor had previously obtained a judgment against the debtor (principal), if the debtor and the surety are jointly and severally liable under the contract of suretyship. However, because the contract of suretyship expressly provided that the debtor and surety were jointly and severally liable, the court said that the creditor

could not recover a greater sum from the surety than the amount of its judgment against the debtor.

The surety agreement here does not contain language that expressly imposes joint and several liability. Assuming, however, that, under the terms of the bond, D&R and defendant are jointly and severally liable for payment of the contract price, up to the bond limit of $185,000, we do not believe that *Rawleigh* disposes of this case. *Rawleigh* did not involve a prior claim in bankruptcy where the creditor was limited by law in establishing the amount of his claim against the debtor. Rather, the creditor had filed a civil action against the debtor and had had a full opportunity to litigate and establish the full amount of its claim. That is not the case here. Plaintiff was precluded from claiming post-petition interest in the bankruptcy proceeding.

■ This case is no different from one where the debtor (principal) has been discharged in bankruptcy, leaving the creditor (beneficiary) with no recourse against the debtor, in which case there is no doubt that the surety would not be released from liability. A contrary rule would undermine one of the primary reasons for a creditor's requiring a payment and performance bond: to provide a source of payment in the event that the debtor's obligation is discharged in bankruptcy. *RIDC Industries Development Fund v. Snyder*, 539 F2d 487, 491 (5th Cir 1976), *cert den* 429 US 1095 (1977). Accordingly, we hold that the rule stated in *Rawleigh* does not preclude plaintiff from claiming post-petition interest in this action.[2]

Neither do we agree with defendant's contention that plaintiff may not recover post-petition interest from it because the timber contract was rejected by operation of law on the date of D&R's petition in bankruptcy, pursuant to 11 USC § 365. We do not understand the bankruptcy court to have ruled, as defendant asserts, that the contract was rejected automatically as of the date the petition in bankruptcy was filed because plaintiff failed to exercise its right to obtain an order instructing the trustee either to reject or assume the contract within a specified period of time. 11 USC

---

[2] We need not decide whether the doctrine of collateral estoppel is applicable with respect to the bankruptcy court's determination of plaintiff's claim exclusive of post-petition interest. Plaintiff did not contest that finding.

§ 365(d)(2). Rather, the court determined that the contract was not governed by 11 USC § 365,[3] because it was not an executory contract. *See* 2 *Collier on Bankruptcy* § 365 (15th ed 1985). Therefore, it allowed plaintiff's claim for the full contract price, excluding post-petition interest, less the appraised value of the remaining timber.

■      Accordingly, plaintiff's claim against defendant for post-petition interest is not limited by its claim in bankruptcy against D&R. It is, therefore, entitled to recover from defendant the unpaid contract price, including post-petition interest from November 22, 1982, to September 30, 1983, less the appraised value of the timber. Plaintiff claims that amount to be $134,684.81. It is also entitled to pre-judgment interest on that amount. *Public Market Co. v. Portland,* 171 Or 522, 130 P2d 624, 138 P2d 916 (1943). Because defendant does not challenge plaintiff's computation of the accrued interest and because neither party contested on the cross-motions for summary judgment the valuation of plaintiff's claim with respect to principal and pre-petition interest, the trial court erred in granting defendant's motion for summary judgment and in denying plaintiff's motion. We remand with instructions to enter a judgment for plaintiff in the amount of $134,684.81, with interest at 9 percent from December 6, 1983.[4]

---

[3] 11 USC § 365 provides, in pertinent part:

"(a) Except as provided in sections 765 and 766 of this title and in subsections (b),(c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

"* * * * *

"(d)(2) In a case under chapter 9,11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

"* * * * *

"(g) Except as [otherwise] provided, * * * the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease—

"(1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, or 13 of this title, immediately before the date of the filing of the petition."

[4] Plaintiff alleged that it is entitled to prejudgment interest from December 6, 1983, rather than September 30, 1983, the date that the contract expired by its terms. Accordingly, we use that date.

We next consider plaintiff's alternative request for leave to file a motion in the trial court pursuant to ORCP 71B(2)[5] for relief from the trial court's judgment under ORCP 71B(1)(e).[6] That request is not rendered moot by our disposition, because our remand is limited to entering a new judgment. However, the purpose of permitting a party to an appeal to file a motion in the trial court under ORCP 71B(1) is to avoid the hardship that might be caused by the one-year time limitation on filing a motion for reasons (a), (b) and (c) under the rule. The appellate court may permit the filing of the motion so that it will be timely, even though the trial court can grant no relief pending the appeal.

■ That reason does not apply to ORCP 71B(1)(e), because the one-year limitation on filing a motion for relief is inapplicable. Accordingly, there would be no advantage to granting plaintiff's motion, and we deny it without expressing any opinion on the merits.

Remanded with instructions to enter a judgment for plaintiff for $134,684.81, with interest thereon at nine percent from December 6, 1983. Request for leave to file motion in trial court pursuant to ORCP 71B(2) denied.

---

[5] ORCP 71B(2) provides:

"With leave of the appellate court, and subject to the time limitations of subsection (1) of this section, a motion under this section may be filed with the trial court during the time an appeal from a judgment is pending before an appellate court, but no relief may be granted by the trial court during the pendency of an appeal. Leave to file the motion need not be obtained from any appellate court, except during such time as an appeal from the judgment is actually pending before such court."

[6] In May, 1985, plaintiff moved the bankruptcy court to permit it to amend its proof of claim in the light of the price it obtained for the remaining timber. Its motion was not contested, and the bankruptcy court entered an order conditionally allowing plaintiff to amend its claim to $266,781, which represents the sum of plaintiff's original claim, as allowed, $26,133, plus $240,648, the difference between the earlier appraised value and the ultimate price for which it sold the remaining timber. It now contends that the trial court limited plaintiff's recovery to $26,133 in reliance on the bankruptcy court's now superseded interim order. Therefore, it argues that it is entitled to relief from the trial court's judgment under ORCP 71B(1)(e), which provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a judgment for the following reasons: * * * (e) * * * a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."