On respondent's reconsideration filed December 16, 1986, reconsideration allowed, former opinion (82 Or App 211, 728 P2d 543) adhered to February 11, 1987

## WEYERHAEUSER COMPANY, INC.,
*Appellant,*

*v.*

## UNITED PACIFIC INSURANCE COMPANY,
*Respondent.*

(8406-03442; CA A36037)

732 P2d 921

John Spencer Stewart, and Stafford, Frey & Mertel, Portland, for petition.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In *Weyerhaeuser Co. v. United Pacific Ins. Co.*, 82 Or App 211, 728 P2d 543 (1986), we held, *inter alia*, that plaintiff, the named beneficiary of a payment and performance bond issued by defendant, was entitled to recover interest which had accrued, under the terms of a timber cutting contract between plaintiff and defendant's principal (D&R), after D&R filed for relief in bankruptcy. Defendant now contends that we erred in finding that the timber cutting contract was not an executory contract that terminated automatically on the date of D&R's petition in bankruptcy.

We did not find, as defendant contends, that the timber cutting contract was not an executory contract.[1] Rather, we stated that the bankruptcy court had made that determination, which neither party challenged. In fact, the premise of defendant's position on plaintiff's appeal was that the trial court was bound by the bankruptcy court's various rulings.[2]

Defendant, for the first time in its petition for reconsideration, contends that we should depart from the bankruptcy court's findings and decide that the timber cutting contract was executory. That argument comes too late, and we decline to consider it. In doing so, we express no opinion concerning the effect that such a conclusion would have had on the disposition of this case.

Reconsideration allowed; former opinion adhered to.

---

[1] We stated, 82 Or App at 216:

"Neither do we agree with defendant's contention that plaintiff may not recover post-petition interest from it because the timber contract was rejected by operation of law on the date of D&R's petition in bankruptcy, pursuant to 11 USC § 365. We do not understand the bankruptcy court to have ruled, as defendant asserts, that the contract was rejected automatically as of the date the petition in bankruptcy was filed because plaintiff failed to exercise its right to obtain an order instructing the trustee either to reject or assume the contract within a specified period of time. 11 USC § 365(d)(2). Rather, the court determined that the contract was not governed by 11 USC § 365, because it was not an executory contract. *See* 2 *Collier on Bankruptcy* § 365 (15th ed 1985). Therefore, it allowed plaintiff's claim for the full contract price, excluding post-petition interest, less the appraised value of the remaining timber." (Footnote omitted.)

[2] Defendant's position continues to be that its liability to plaintiff is limited to $26,133, which is the amount of plaintiff's claim in bankruptcy against D&R that the bankruptcy court allowed after concluding that construing the timber cutting contract as an executory contract would lead to an unfair result.